UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| SHAWN A. GAEDCKE,<br><br>    Plaintiff,<br><br>vs.<br><br>NOET LOGISTICS, LLC, and DEVONTE MARCUS, an individual,<br><br>    Defendants. | Case No.: 1:24-cv-00595-BLW-REP<br><br>**REPORT AND RECOMMENDATION RE: PLAINTIFF SHAWN A. GAEDCKE'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT (Dkt. 19)** |

Pending before the Court is Plaintiff Shawn A. Gaedcke's Motion for Leave to File Second Amended Complaint (Dkt. 19). The Court finds that the facts and legal arguments are adequately presented. Accordingly, the Court will decide the Motion without oral argument. *See* Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). For the reasons set forth below, the Court recommends that the Motion be granted.[1]

## I. BACKGROUND

This lawsuit stems from a semi-truck collision on Interstate 84 in Elmore County, Idaho. Plaintiff Shawn A. Gaedcke ("Gaedcke") is a commercial truck driver. He alleges that, in December 2022, Defendant Devonte Marcus ("Marcus") was driving a semi-truck for Defendant Noet Logistics, LLC ("Noet"). According to Gaedcke, Marcus attempted to pass another semi-truck at high speed on icy, snow-covered roads. Marcus allegedly lost control, jackknifed, and blocked the lane in which Gaedcke was traveling, causing a collision that seriously injured Gaedcke.

---

[1] This action was originally assigned to the undersigned on December 11, 2024. However, when the parties did not consent to magistrate judge jurisdiction, the action was reassigned to U.S. District Judge B. Lynn Winmill on February 24, 2025. Judge Winmill then referred the action back to the undersigned on March 6, 2025. *See* Order Referring Case (Dkt. 11) (instructing the undersigned to enter reports and recommendation on dispositive matters).

**REPORT AND RECOMMENDATION - 1**

Gaedcke alleges that Marcus's conduct, and Noet's hiring, training, and supervision practices, were negligent and reckless. This caused Gaedcke significant economic and non-economic damages, including permanent physical impairment. The underlying Complaint asserts three negligence-based claims: (i) negligent operation of a semi-truck; (ii) negligent hiring and training; and (iii) negligent supervision and entrustment.

On July 30, 2025, Gaedcke filed the at-issue Motion.[2] The proposed Second Amended Complaint makes two changes. First, it corrects the alleged date of the crash from December 15, 2022 to December 14, 2022. Second, it adds a new Defendant – Indemnity Insurance Co. of North America ("Indemnity") – and a new declaratory judgment cause of action concerning insurance coverage. As noted in the proposed Second Amended Complaint, records with the Federal Motor Carrier Safety Administration allegedly show that Indemnity provided insurance coverage to Noet at the time of the December 14, 2022 crash. But Indemnity has disclaimed and denied any and all liability or contractual obligations to Noet and its employees. Gaedcke therefore seeks a declaration regarding Indemnity's obligations to defend and indemnify Marcus and Noet, and to satisfy any judgment entered against them.

## II. LEGAL STANDARDS

A.   **Federal Rule of Civil Procedure 15(a)(2)**

Because Gaedcke timely filed his Motion, Rule 15(a)(2)'s liberal standard for amendment governs. The Rule permits a party to amend its pleading as a matter of course, with the opposing party's written consent, or with "the court's leave." Fed. R. Civ. P. 15; *Ramirez v. Cty. of San*

---

[2] Gaedcke previously filed a First Amended Complaint on January 30, 2025 to remove erroneous references to punitive damages. *See* First Am. Compl. at 1 n.1 (Dkt. 5). Marcus and Noet answered the First Amended Complaint (Dkts. 7 & 12) and the Court issued a Scheduling Order on April 16, 2025, setting August 1, 2025 as the deadline for motions to amend pleadings. *See* Sched. Order at 2 (Dkt. 17) (adopting the parties' stipulated Litigation Plan that included an August 1, 2025 amendment deadline).

**REPORT AND RECOMMENDATION - 2**

*Bernardino*, 806 F.3d 1002, 1007 (9th Cir. 2015). A trial court should allow amendment under Rule 15(a)(2) "when justice so requires." *Id*.

The Ninth Circuit directs courts to apply this policy with "extreme liberality." *Herring Networks, Inc. v. Maddow*, 8 F.4th 1148, 1161-62 (9th Cir. 2021) (citing *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)). "In determining whether leave to amend is appropriate, the district court considers . . . four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility." *Id*. Although all of these factors are relevant, the "crucial factor is the resulting prejudice to the opposing party." *Howey v. United States*, 481 F.2d 1187, 1189 (9th Cir. 1973). "The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 2003). Generally, a court must make a determination "with all inferences in favor of granting the motion." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).

**B.     Federal Rule of Civil Procedure 20**

Motions to amend which seek to add new parties must satisfy Rule 20's requirements for permissive joinder. *See Desert Empire Bank v. Ins. Co. of North Am.*, 623 F.2d 1371, 1374 (9th Cir. 1980); *Singleton v. Kernan*, 2017 WL 4021536, at *3 (S.D. Cal. 2017). Rule 20 is to be construed liberally in order to promote judicial economy and to reduce inconvenience, delay, and added expense. *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997) (citing *Guedry v. Marino*, 164 F.R.D. 181, 185 (E.D. La. 1995)). Under Rule 20, new defendants may be permissively joined to an action if: (i) "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences"; and (ii) "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2)(A)-(B). "[O]nce these requirements are met, a district court must examine whether permissive joinder would 'comport with the

**REPORT AND RECOMMENDATION - 3**

principles of fundamental fairness' or would result in prejudice to either side." *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1296 (9th Cir. 2000) (quoting *Desert Empire Bank*, 623 F.2d at 1375). District courts retain broad discretion in applying Rule 20. *Id*. at 1296-97.

## II. REPORT

Marcus and Noet do not challenge Gaedcke's request to correct the date of the accident. However, they oppose the joinder of Indemnity and the addition of a declaratory judgment claim against it. They oppose on two grounds: (i) that Rule 15(a)(2)'s standards weigh against amendment because Gaedcke has previously amended and because joinder of an insurer will cause prejudice under Federal Rule of Evidence 411; and (ii) that Rule 20's requirements for permissive joinder are not satisfied because the insurance-coverage dispute is contractually distinct from the underlying negligence claims. Neither argument has merit.

First, any reliance on Gaedcke's earlier amendment to preclude the instant Motion is misplaced. That amendment merely removed premature references to punitive damages – before Marcus and Noet filed any Answer – and thus streamlined and reduced the scope of the case. In *removing* a claim for punitive damages, that change directly benefited Marcus and Noet and avoided unnecessary motion practice. In short, Gaedcke's first amendment did not involve repeated, dilatory, or prejudicial amendments; it was a single housekeeping correction made early on and consistent with Rule 15(a)(1) (permitting an amendment "as a matter of course within 21 days after serving it).

Second, Marcus and Noet's Rule 411 argument is not compelling. Rule 411 bars evidence of liability insurance to prove negligence; it does not bar insurance evidence when coverage itself is disputed, as in a declaratory judgment claim. *See* Fed. R. Evid. 411 ("Evidence that a person was or was not insured against liability is not admissible to prove whether the person acted negligently or otherwise wrongfully. But the court may admit this evidence for

**REPORT AND RECOMMENDATION - 4**

another purpose . . ..").  The existence, scope, and effect of any applicable insurance coverage for the December 14, 2022 accident are central to Gaedcke's coverage claim; such coverage is not directed at Noet's and Marcus's underlying liability, if any.  Regardless, even assuming the potential for prejudice, it can be addressed.  Courts routinely manage dual liability-and-coverage litigation by, among other things, bifurcating those issues, resolving coverage issues upfront through motions for summary judgment or motions in limine, issuing protective orders, and/or providing limiting instructions to the jury as necessary.

Third,  Rule 20 does not require identical questions of law or fact, only at least one *common* question relating to the same transaction or occurrence.  *See supra* (citing Fed. R. Civ. P. 20(a)(2)(A)-(B)).  Here, the negligence and proposed coverage claims arise from the same traffic accident, involve the same parties (except for Indemnity), and ultimately concern who bears financial responsibility for the same alleged injuries.  Resolving these issues together supports Rule 20's charge of promoting judicial economy.  *But see infra* (raising the possibility that the declaratory action claim may ultimately be unavailable).

Finally, both Rule 15 and Rule 20 are intentionally liberal.  Rule 15 directs courts to freely grant leave when justice so requires, and Rule 20 is to be construed broadly to encourage efficient resolutions of related disputes in a single proceeding.  *See supra*; *see also* Fed. R. Civ. P. 1 (Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding").  Any challenge Defendants may wish to raise as to the legal sufficiency of the declaratory judgment claim can be tested after amendment, through a Rule 12(b)(6) motion or at summary judgment.  In the meanwhile, denial of leave to amend is a severe remedy, reserved only in cases involving bad faith, undue delay, prejudice, or futility – none of which are present on the record or briefing before the Court.  At bottom, where amendment is timely, non-

**REPORT AND RECOMMENDATION - 5**

prejudicial, and advances judicial economy, the presumption in favor of amendment controls. Gaedcke's Motion should be granted.

## III. RECOMMENDATION

Based on the foregoing, IT IS HEREBY RECOMMENDED that Gaedcke's Motion for Leave to File Second Amended Complaint (Dkt. 19) is GRANTED.

Pursuant to District of Idaho Local Civil Rule 72.1(b)(2), a party objecting to a Magistrate Judge's recommended disposition "must serve and file specific, written objections, not to exceed twenty (20) pages . . . within fourteen (14) days . . ., unless the magistrate or district judge sets a different time period." Additionally, the other party "may serve and file a response, not to exceed twenty (20) pages, to another party's objections within fourteen (14) days after being served with a copy thereof."



DATED:  December 2, 2025

_____
Honorable Raymond E. Patricco
Chief U.S. Magistrate Judge

**REPORT AND RECOMMENDATION - 6**