# UNITED STATES DISTRICT COURT
## DISTRICT OF IDAHO

|  |  |
|---|---|
| SHAWN A. GAEDCKE,<br><br>Plaintiff,<br><br>vs.<br><br>NOET LOGISTICS, LLC, DEVONTE MARCUS, an individual, and INDEMNITY INSURANCE CO. OF NORTH AMERICA,<br><br>Defendants. | Case No.: 1:24-cv-00595-BLW-REP<br><br>**REPORT AND RECOMMENDATION RE: DEFENDANT INDEMNITY INSURANCE CO. OF NORTH AMERICA'S MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>**(Dkt. 38)** |

Pending before the Court is Defendant Indemnity Insurance Co. of North America's ("Indemnity") Motion to Dismiss Second Amended Complaint (Dkt. 38). The Court finds that the facts and legal arguments are adequately presented. Accordingly, the Court will decide the Motion without oral argument. *See* Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). For the reasons set forth below, the Court recommends that the Motion be granted.[1]

## I. **REPORT**

Indemnity argues that Plaintiff Shawn A. Gaedcke's claim for declaratory relief against it is barred by Idaho's no-direct-action rule, which generally prohibits an injured

---

[1] This action was originally assigned to the undersigned on December 11, 2024. However, when the parties did not consent to magistrate judge jurisdiction, the action was reassigned to U.S. District Judge B. Lynn Winmill on February 24, 2025. Judge Winmill then referred the action back to the undersigned on March 6, 2025. *See* Order Referring Case (Dkt. 11) (instructing the undersigned to enter reports and recommendation on dispositive matters).

**REPORT AND RECOMMENDATION - 1**

third party from bringing suit directly against a tortfeasor's liability insurer absent statutory or contractual authorization. *See generally* Mem. ISO MTD (Dkt. 38-1). Indemnity relies principally upon *Brooksby v. GEICO General Ins. Co.*, 286 P.3d 182 (Idaho 2012) (abrogated on other grounds), and related authority. *See id*. at 4-6.

In response, Gaedke acknowledges that *Brooksby* is controlling Idaho law and concedes that, under the current state of Idaho law, Plaintiff lacks standing to pursue a declaratory judgment against Indemnity at this time. *See* Resp. to MTD at 2 (Dkt. 39) ("… Plaintiff has no other option but to concede that Idaho's no-direct-action rule applies in this instance and that, currently, Plaintiff does not have the necessary standing to pursue an action for declaratory judgment against Defendant Indemnity."). Plaintiff therefore agrees that dismissal is appropriate, while requesting that dismissal be without prejudice because Plaintiff may be able to pursue such a claim after obtaining a judgment against the insured Defendants.

Given Gaedke's concession that controlling Idaho law requires dismissal, the undersigned concludes that Indemnity's Motion should be granted. Consistent with Idaho law and the relief requested by both parties, dismissal should be without prejudice.

## II.  <u>RECOMMENDATION</u>

Based on the foregoing, IT IS HEREBY RECOMMENDED that Indemnity's Motion to Dismiss Second Amended Complaint be GRANTED, and that all claims asserted against Indemnity be DISMISSED WITHOUT PREJUDICE.

Pursuant to District of Idaho Local Civil Rule 72.1(b)(2), a party objecting to a Magistrate Judge's recommended disposition "must serve and file specific, written

**REPORT AND RECOMMENDATION - 2**

objections, not to exceed twenty (20) pages . . . within fourteen (14) days . . ., unless the magistrate or district judge sets a different time period."  Additionally, the other party "may serve and file a response, not to exceed twenty (20) pages, to another party's objections within fourteen (14) days after being served with a copy thereof."

DATED:  June 30, 2026

_____
Honorable Raymond E. Patricco
Chief U.S. Magistrate Judge

**REPORT AND RECOMMENDATION - 3**